UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH WOO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAISER FOUNDATION HEALTH PLAN INC, et al.,<br><br>　　　　Defendants. | Case No.  23-cv-05063-RFL<br><br>**ORDER ADOPTING DEFENDANTS'**<br>**PROPOSED FINAL JUDGMENT**<br><br>Re: Dkt. Nos. 83, 84 |

In an order dated January 26, 2026, the Court granted Plaintiff Sarah Woo's cross-motion for judgment under Federal Rule of Civil Procedure 52 and denied Defendants Kaiser Foundation Health Plan, Inc. and Kaiser Permanente Retirement Plan's cross-motion regarding Woo's equitable estoppel claim under section 1132(a)(3)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA").  (Dkt. No. 75 at 19.)[1]  The Court ordered the parties to jointly propose a form of final judgment.  (*Id.*)  However, the parties have informed the Court that they were unable to reach agreement on a proposed final judgment and have each submitted their own proposed final judgments.  (Dkt. Nos. 83, 84.)

The Court adopts Defendants' proposed final judgment.  Woo's complaint did not challenge Defendants' determination that she was ineligible for benefits.  Consequently, the Court's prior order did not conclude that Woo was, in fact, eligible to participate in the Plan, nor did it authorize perpetual participation in the Plan in contravention of the Plan's eligibility requirements.  (*See* Dkt. No. 75 at 9–10.)  Instead, the order prohibits Defendants from declaring

---

[1] All references to page numbers refer to ECF pagination.

1

Woo ineligible to participate in the Plan for the time period during which it was ambiguous whether she was eligible to participate in the Plan and she had detrimentally relied upon their representations that she was eligible.  (*Id*. at 14–18.)  Section 1132(a)(3) does not limit ERISA claimants to solely injunctive relief, and Defendants' proposal to provide Woo with a lump-sum payment in the amount equal to her pension benefits constitutes the sort of make-whole equitable relief that section 1132(a)(3) contemplates.  *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014).  Woo has not offered any evidence that the proposed lump sum payment would not make her whole, and Defendants provide a detailed explanation of how it does so on the record before the Court.  That is sufficient to support Defendants' proposed judgment.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
RITA F. LIN
United States District Judge

2