UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARAH WOO,

Plaintiff,

v.

KAISER FOUNDATION HEALTH PLAN INC, et al.,

Defendants.

Case No. 23-cv-05063-RFL

**ORDER DENYING MOTION TO ALTER JUDGMENT AND AWARDING ATTORNEYS' FEES**

Re: Dkt. Nos. 89, 91

Before the Court is Plaintiff Sarah Woo's motion to alter judgment under Rule 59(e) (Dkt. No. 91) and motion for attorneys' fees and costs (Dkt. No. 89). For the reasons that follow, Woo's motion to alter judgment is **DENIED**, and her motion for attorneys' fees and costs is **GRANTED**. Woo is awarded attorneys' fees in the amount of $201,195.00 and costs in the amount of $467.00. This order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and both sides' arguments.

## I. RULE 59 MOTION

Rule 59(e) permits a court to alter or amend a judgment when it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).

Woo's Rule 59 motion fails to satisfy these requirements. Instead, Woo raises arguments that were already rejected in the order adopting Defendants' proposed final judgment (*see* Dkt.

No. 87) or that Woo could have raised prior to the entry of judgment. The Court already considered and declined to adopt Woo's arguments that its Rule 52 order (a) found that Woo was in fact eligible to participate in the Plan under its terms and (b) mandated that Woo be treated as an ongoing participant in the Plan. (*Id*. at 1–2.)[1] Woo's argument that a judgment awarding a lump sum payment does not award her proper relief was likewise considered and rejected. (*Id*. at 2.) Woo now argues for the first time that the judgment's lump sum payment raises issues under, among other things, ERISA, the Internal Revenue Code, and the I.R.S.'s Employee Plans Compliance Resolution System. Woo could have made these arguments prior to the entry of judgment but did not.[2] Woo therefore cannot raise these arguments for the first time in her Rule 59(e) motion. For similar reasons, the Court declines to consider the actuarial analysis Woo offers in support of her Rule 59(e) motion, which she could have presented in support of her proposed form of judgment.

In any event, even if Woo's arguments were considered anew on the merits, there is no basis to alter the judgment for the reasons stated in the order adopting Defendants' proposed form of judgment. (*See generally id*.) To be clear, the order on the Rule 52 motions did not purport to find (a) that Woo was, in fact, a KPEPP participant under the terms of the Plan or (b) that Woo was entitled to ongoing Plan participation. As to the former point, the order concluded only that the Plan's language did not unambiguously foreclose Woo's participation in the Plan and that a reasonable person could interpret the Plan's terms as providing for Woo's participation due to Defendants' initial erroneous eligibility determination. (Dkt. No. 75 at 17.) But the order did not conclude, as Woo suggests, that section 2.31(e) unequivocally provides for Woo's ongoing participation in the Plan. (*See* Dkt. No. 91 at 12.) Nor did Defendants'

---

[1] All references to page numbers for filings on the docket refer to ECF pagination.
[2] Woo also takes issue with the use of the phrase "make-whole relief" in the Court's order adopting Defendants' proposed judgment, which she argues describes a different remedy under ERISA. This argument could also have been made prior to entry of judgment. Defendants have always taken the position that a judgment awarding a lump sum payment was proper, and they introduced the concept of "make-whole" relief in their brief in support of their proposed judgment. (Dkt. No. 83 at 2.)

statements promise ongoing, permanent eligibility for the rest of Woo's career. Although Defendants initially told Woo that she was "now eligible to participate," Defendants corrected that representation on December 22, 2020, when they informed Woo that she was in fact ineligible to participate in the Plan. (Dkt. No. 75 at 9–10, 13.) From that date forward, Defendants made no further misrepresentations of Woo's eligibility. Woo is therefore not entitled to relief on her equitable estoppel claim past that point. *See Spink v. Lockheed Corp.*, 125 F.3d 1257, 1263 (9th Cir. 1997) (applying equitable estoppel only through the date when Spink received a "correct and final" notice that he was in fact not eligible, contrary to the "correct and final" statements he had previously received).[3]

Nor does equitable estoppel under ERISA preclude monetary make-whole relief under section 1132(a)(3). *See generally Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945 (9th Cir. 2014). Specifically, equitable estoppel "holds the fiduciary 'to what it has promised' and 'operates to place the person entitled to its benefit in the same position he would have been in had the representations been true.'" *Id*. (quoting *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011)). The judgment does not provide Woo a surcharge remedy. Indeed, there has been no finding of breach of fiduciary duty or unjust enrichment, as would be required for such a remedy. *See id*. at 957.

Woo's remaining arguments are all derivative of her arguments that that she was in fact a participant under the terms of the Plan and that she was entitled to ongoing, permanent participation in the Plan. As such, those arguments do not provide a basis to alter the judgment either. Woo's motion to alter the judgment is denied.

## II. MOTION FOR ATTORNEYS' FEES AND COSTS

ERISA gives courts discretion to award reasonable attorneys' fees and costs. 29 U.S.C.

[3] As such, it might make more sense to cut off Woo's equitable relief as of December 20, 2022, on the basis that she could no longer reasonably rely on her ongoing eligibility for the Plan after that date. The judgment instead provides for recovery through the entry of judgment, which is what Defendants requested in their proposed form of judgment. This order does not revisit that issue, as neither party has requested the Court to do so.

§ 1132(g)(1). In her original attorneys' fees motion, Woo requested $261,475.00 in attorneys' fees and $467.00 in costs. (Dkt. No. 89 at 3.) In her reply, Woo decreased her request to $257,965.00 in attorneys' fees, after her counsel determined that an additional 7.8 hours of time had been mistakenly included from an unrelated matter. (Dkt. No. 92 at 2.) With her reply, Woo also filed "underlying contemporaneous time records for all timekeepers," which "identify each date of service, the responsible timekeeper, the time expended, and a task-specific description of the work performed." (Dkt. No. 92 at 7.)[4] The parties then stipulated to Woo filing a second supplemental declaration in support of her attorneys' fees motion, which included hours spent on work relating to Woo's attorneys' fees motion and Rule 59(e) motion from April 4 through July 6, 2026. (Dkt. Nos. 104, 104-1.) In the second supplemental declaration, Woo requests an additional $80,480.00 in attorneys' fees for hours spent working on her attorneys' fees and Rule 59(e) motions and an additional $12,370.50 for expenses stemming from the hiring of a consultant and the performance of an actuarial valuation of Woo's pension benefit for the Rule 59(e) motion. (Dkt. No. 104 at ¶ 7.)

Defendants do not contest that Woo is entitled to an award of reasonable attorneys' fees, nor do they take issue with Woo's original request for $467.00 in costs. (Dkt. No. 90 at 16.) They instead argue that neither the rate nor the hours sought by Woo's counsel are reasonable, and that Woo's request to recover the consulting and valuation expenses should be denied. (*Id.*; *see also* Dkt. No. 106 at 2.)

### A. Attorney Rates

Defendants contest the rates charged by Jay Suen, Woo's primary counsel, as well as the rates charged by the other lawyer timekeepers. The requested hourly rate of $800 for Suen's work exceeds the reasonable market rate for attorneys of Suen's skill, experience, and reputation. In support of the requested hourly rate, Woo submits a declaration by Kirsten Scott, an

[4] The Court permitted Defendants to file a surreply regarding any objections they had to the hours as reflected in the billing records submitted with the reply brief (*see* Dkt. No. 96), which Defendants filed on June 17, 2026 (Dkt. No. 99).

experienced ERISA litigator in California. In her declaration, Scott states that her current hourly rate is $900 and that a judge in this District approved an award of attorneys' fees in which her law firm sought an hourly rate of $600 for her services. (Dkt. No. 89-1 ("Scott Decl.") at ¶¶ 6, 8.) Scott opines that Suen's requested hourly rate is "reasonable and within the prevailing market rate for ERISA work in the Northern District of California," observing that his rate "is below [her] own current rate and is consistent with the rates recently approved in this District for ERISA practitioners with comparable years of attorney experience." (*Id*. at ¶ 10.)

This evidence is insufficient to establish that $800 is the prevailing rate for attorneys of Suen's skill level, experience, and reputation in the field of ERISA litigation. Suen is not an ERISA practitioner. In his declaration, Suen states that his practice "focuses on trusts and estates and taxation." (Dkt. No. 89-2 ("Suen Decl.") at ¶ 4.) Certainly, Suen has extensive experience in probate and federal tax cases. (*See, e.g.*, *id*. at ¶ 6.) And that experience may have proven useful in litigating the present case. (*See, e.g.*, Dkt. No. 92 at 4 ("With respect to complex document analysis, Mr. Suen's trusts and estates practice requires precise parsing of governing instruments across restatements, amendments, and supplements, which is the same type of analytical work required by the plan-interpretation issues in this case.").) But conspicuously absent from Suen's declaration is any prior ERISA litigation experience. Indeed, he acknowledges that "the present case has been the most extensively litigated federal court matter of [his] career." (Suen Decl. at ¶ 4.)

Woo's evidence might provide sufficient support for the reasonableness of an $800 hourly rate for an ERISA practitioner with the same experience, skill and reputation in the field of *ERISA litigation* that Suen has in the fields of trusts and estates and taxation. Her evidence does not, however, provide sufficient support for the proposition that such an hourly rate is reasonable for ERISA litigation work performed by an attorney with skill, experience, and an existing reputation outside of that field. *See Dowdy v. Metro. Life Ins. Co.*, No. 15-cv-03764-JST, 2019 WL 120730, at *5 (N.D. Cal. Jan. 7, 2019) ("The requested rate of $675 would be appropriate for an experienced attorney who specializes in ERISA matters. . . . Here, Mosley

and Applegate are not ERISA experts, although each is experienced in complex litigation.”). Because Woo has failed to produce evidence sufficient to establish the reasonable market rate for an attorney with Suen’s skill, experience, and reputation, the $575 hourly fee rate that Suen actually charged for the work he performed in this case is the most reliable evidence available of the prevailing market rate for attorneys of Suen’s skill level. (*See* Dkt. No. 90-1 at ¶ 3; *see also* 92 at 5.) The Court declines to exercise its discretion to adopt Suen’s 2026 hourly rate of $620 (Dkt. No. 92-1 at ¶ 7) because the hourly rate that Suen was charging at the time most of his services were rendered is more appropriate. Fees for Suen’s work will be awarded at the rate of $575 per hour.

The other lawyer timekeepers (Katharine Malone, Camille Milder, and Maximilian Engel Ojeda) appear to be similarly inexperienced with ERISA litigation. (Suen Decl. ¶¶ 11–13.) Scott opines in her declaration that the requested rates for these individuals are “reasonable and within or below the prevailing market” based on her familiarity with “the rates charged by, and awarded to, of-counsel attorneys and associates in ERISA litigation practices in the Northern District of California.” (Scott Decl. ¶ 11.) But as discussed above, Scott’s opinion does not suggest that Malone, Milder, and Engel Ojeda’s rates are appropriate for work in ERISA matters performed by of-counsel attorneys and associates with no prior ERISA experience.

Woo has therefore failed to provide sufficient evidence that the rates requested for the work by the other lawyer timekeepers are appropriate given their skill, experience, and reputation in the field of ERISA litigation. The requested hourly rates for Malone, Milder, and Engel Ojeda should be reduced. The record does not indicate what rate they charged in this matter or the proper hourly rate for their work. Accordingly, the most reasonable approach is to reduce the requested hourly rate by $100 per hour to reflect Malone, Milder, and Engel Ojeda’s lack of ERISA experience. *See Dowdy*, 2019 WL 120730, at *5 (reducing hourly rates by $75 dollars because of lack of ERISA experience); *Villalobos v. Downey Grinding Co.*, No. SACV 19-00150 JVS, 2022 WL 2965669, at *5 (C.D. Cal. Feb. 3, 2022) (reducing hourly rates by $100 “in light of the absence of evidence to show that [the attorneys] are experienced ERISA

practitioners"). Malone's hourly rate is reduced from $650 to $550, Milder's hourly rate is reduced from $650 to $550, and Engel Ojeda's hourly rate is reduced from $450 to $350.

**B. Claimed Hours and Expenses**

With regard to the claimed hours and expenses, Defendants object to awarding Woo attorneys' fees for certain hours associated with (a) the work Woo's counsel had done prior to April 3, 2026 (the attorneys' fees request in Woo's original motion, which was corrected in Woo's reply); (b) the work Woo's counsel performed from April 4, 2026, through July 6, 2026 (the supplemental attorneys' fees request in Woo's second supplemental declaration); and (c) consulting and valuation expenses Woo spent in connection with her Rule 59(e) motion.

Beginning with the initial fees request, Defendants argue that three categories of billing record entries should be excluded or reduced: (1) 5.0 hours billed by Suen to prepare an amended complaint that was never filed, (2) 51.5 hours devoted to the form of judgment proceedings, and (3) 69.4 hours of block-billed entries. (Dkt No. 99 at 2.) Each category is considered in turn below.

First, the hours Woo's counsel dedicated to preparing an amended complaint that was never filed was not work "expended in pursuit of the ultimate result achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (internal quotation marks omitted). Woo is therefore not entitled to recover attorneys' fees for these hours.

Second, as to the hours dedicated to the form of judgment proceedings, "the most critical factor" when considering an attorneys' fees award "is the degree of success obtained." *Id*. at 436. Though the Court's judgment ultimately provided Woo monetary relief for succeeding on her Rule 52 motion, the Court adopted Defendants' proposed judgment and declined to adopt Woo's proposed judgment. (Dkt. No. 87.) Defendants' proposed fee reduction of 40% for the form of judgment entries is appropriate in light of Woo's limited success in the form of judgment proceedings. *See Hensley*, 461 U.S. at 436–37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."); *see also Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (concluding 50%

fee reduction for lack of success was not an abuse of discretion because "the relief, however significant, is limited in comparison to the scope of the litigation as a whole" (internal quotation marks omitted)).

Finally, no reduction for block billing will be applied under these circumstances. Woo's counsel included 31 block-billed entries. (*See* Dkt. No. 99-1 at 2–3.) Block billing often "makes it more difficult to determine how much time was spent on particular activities" and thus the reasonableness of the hours sought. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Here, though, the block billed entries reflect a reasonable number of hours for the group of tasks listed, and there is no dispute that fees are appropriately awarded as to each of the tasks listed. Accordingly, this is not a situation in which Woo's counsel's block billing makes it "impossible to determine how efficiently it has staffed this case and completed the various tasks that were integral to its success." *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 968–69 (N.D. Cal. 2014).

In sum, Woo is entitled to $183.275 in attorneys' fees and $467.00 in costs for work through April 3, 2026, which reflects the reduced hourly rates for Woo's counsel, the exclusion of the hours spent on the unfiled complaint, and the reduction of the hours associated with the form of judgment proceedings.

Turning to the hours associated with Woo's supplemental request, Defendants argue that block-billed entries should again be excluded, that no fees should be awarded for work on Woo's Rule 59(e) motion, that certain clerical tasks should not be compensated. (Dkt. No. 106 at 5–6.) For the reasons discussed above, no block billing reduction will be imposed in these circumstances. Defendant's other arguments, however, are persuasive.

Woo's Rule 59(e) motion was denied, and most of the arguments had been considered and rejected in the original litigation concerning the form of judgment. The work on that motion was therefore not "reasonably spent in pursuit of the litigation." *Jacobson v. Persolve, LLC*, No. 14-cv-00735-LHK, 2016 WL 7230873, at *11 (N.D. Cal. Dec. 14, 2016) (internal quotation marks omitted); *see also Hensley*, 461 U.S. at 436. Accordingly, attorneys' fees will not be

awarded for work on Woo's Rule 59(e) motion.

Nor will attorneys' fees be awarded for purely clerical tasks as they are not compensable at professional rates and Woo is not entitled to an attorneys' fees award for such work. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *see also Castillo-Antonio v. Iqbal*, No. 14-cv-03316-KAW, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Fees will thus not be awarded for the 2.80 hours spent to "Prepare time records" and 1.90 hours spent to "Create exhibits." (Dkt. No. 104 at 5.)

Finally, Woo's request to recover the consulting and valuation expenses spent in connection with her Rule 59(e) motion is denied. Woo's Rule 59(e) motion was denied, and the work was commissioned to support new arguments that could have been previously raised or that had already been considered and rejected in the form of judgment proceedings. Moreover, Woo has offered no evidence supporting the reasonableness of the rates requested for the work of the consultant and the pension evaluator. Woo's request to award her these expenses is thus denied.

In sum, Woo is entitled to $17,920 in attorneys' fees request for work from April 4, 2026, through July 6, 2026, which reflects the reduced hourly rates for Woo's counsel and the exclusion of the Rule 59(e) fees, the hours spent doing clerical work. Woo is not entitled to costs for the consulting and valuation expenses.

## III. CONCLUSION

For the foregoing reasons, the Rule 59(e) motion is denied and the motion for attorneys' fees and costs is granted. Woo is awarded $201,195.00 in attorneys' fees and $467.00 in costs.

**IT IS SO ORDERED.**

Dated: August 19, 2026

RITA F. LIN
United States District Judge